PER CURIAM.
The Appellant, Arthur Kaufman (the “Plaintiff’), appeals the dismissal of his case for failure to prosecute, arguing the trial court abused its discretion in dismissing the case because an order staying the proceedings had been entered. We agree and reverse and remand.
In 1997, the Plaintiff filed a three-count amended complaint against the Appellees, Kenneth Schwartz and his law firm, Osher-ow & Schwartz, P.A., (the “Defendants”). Thereafter, the Defendants filed a motion for summary judgment with regard to count III of the complaint. In July 1998, the Plaintiff filed a motion for abatement, alleging that litigation was premature because an arbitration award in an underlying suit had not yet been confirmed. The trial court granted the Plaintiffs motion and entered an order “staying the proceedings pending the outcome of the arbitration proceeding.” Meanwhile, the Defendants’ motion for - summary judgment was granted and subsequently vacated. In the order vacating the summary judgment, the trial court indicated that the stay order related only to counts I and II of the complaint.
Between December 1998 and January 1999, the Plaintiff filed several notices of taking deposition, filed a motion to compel, and took Schwartz’s deposition. In August 1999, the arbitration proceeding was concluded, and a final judgment was entered in the matter.
On January 28, 2000, the Defendants filed a motion to dismiss for lack of prosecution. After a hearing on the motion, the trial court granted the Defendants’ motion to dismiss without prejudice, finding there had been no record activity within the prior year and there was insufficient evidence of good cause.
Rule 1.420(e) of the Florida Rules of Civil Procedure provides,
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (emphasis added).
In the present case, the trial court entered an order on September 14, 1998, “staying the proceedings pending the outcome of the arbitration proceeding.” The arbitration proceeding was not concluded until August 1999, at which time a final judgment was entered. Although the record does not contain an order vacating the stay order, it is clear from that order that the stay was to expire when the arbitration proceeding concluded. Because the Defendants filed their motion to dismiss for failure to prosecute in January 2000 and the stay order did not expire until August *464 1999, the case had been dormant for only five months. In addition, the fact that the stay was addressed to only two of the three counts should be of no moment, because rule 1.420(e) contemplates dismissals of entire actions; not isolated claims. See Fla. R. Civ. P. 1.420(e); Leon v. Old Republic Ins. Co., 561 So.2d 1304, 1304 (Fla. 3d DCA 1990). Furthermore, we cannot conclude from the record on appeal that the Plaintiff waived the stay order, as the Defendants suggest, by taking a deposition and filing notices of deposition and a motion to compel. As such, the trial court abused its discretion in dismissing the case for failure to prosecute, and therefore, we reverse and remand.
REVERSED AND REMANDED.
GUNTHER, STONE and SHAHOOD, JJ., concur.